UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

BOBBY EARL KEYS, et al.,

    Plaintiffs,

v.                        Case No: 5:20-cv-612-Oc-38PRL

KATHY LANE, et al.

    Defendants.
_____/

# **ORDER**[1]

Plaintiffs Bobby Earl Keys, Melvin C. Chapman, Eric Josey, and Charlie Vernon, Jr., Anthony J. Lang, and Gregory Cantrell are inmates at the Coleman Federal Correctional Complex – Low. Plaintiffs initiated this case with a Class Action Complaint (Doc. 1) and subsequently filed a motion for leave to proceed *in forma pauperis* (Doc. 3).

Plaintiffs assert a cause of action pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).[2] They allege that prison officials are deliberately indifferent to their serious medical needs of

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Although Plaintiffs reference 42 U.S.C. § 1983, because they are suing federal actors for constitutional violations, *Bivens* is applicable.

inmates by denying inmates of color compassionate release or home confinement due to the COVID-19 pandemic; that their conditions of confinement are unconstitutional and subject them to serious risk of physical harm in light of COVID-19; and that the Bureau of Prisons' (BOP) violation of its "diabetes kitchen policy" is contributing to their ability to control their diabetes. (Doc. 1, pp. 1-2). Plaintiffs state that the home confinement and compassionate release eligibility policy at Coleman – Low is in violation of the Constitution, the CARES Act,[3] the Civil Rights Act, and the First Step Act.[4] (*Id.* at 3.)

They seek declaratory relief relating to the BOP's policies and procedures regarding home confinement, compassionate release, and the "diabetes kitchen" rule; to enjoin Defendants from unfairly practicing policies regarding home confinement and compassionate release; and damages. (*Id.* at 6-8.)

## SCREENING UNDER THE PRISON LITIGATION REFORM ACT

The Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e), 1915A, requires the Court to dismiss a case if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or

---

[3] Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020).

[4] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

2

seeks monetary relief against a defendant who is immune from such relief. (*Id.*) The Court must liberally construe a *pro se* Plaintiff's allegations. *Haines v. Kerner*, 404 U.S. 519 (1972); *see also Miller v. Stanmore*, 636 F. 2d 986, 988 (5th Cir. 1981). Upon review of the Complaint, there are defects that warrant dismissal without prejudice.

Plaintiffs' request for class action certification is due to be denied. The four elements required for class certification under Federal Rule of Civil Procedure 23(a) are: (1) numerosity, "the class is so numerous that joinder of all members is impracticable"; (2) commonality, "there are questions of law or fact common to the class"; (3) typicality, "the claims or defenses of the class are typical"; and (4) adequacy, the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a); *see also Hines v. Widnall*, 334 F.3d 1253 (11th Cir. 2003).

Here, the Court finds that lead Plaintiff Bobby Earl Keys, proceeding *pro se*, is untrained in law and has limited access to legal materials and resources because he is confined in a state prison. Assuming *arguendo* that a class can be identified, the Court concludes that Plaintiff cannot adequately protect the interests of the class. *See Oxedine v. Williams*, 509 F.2d 1405 (4th Cir. 1975) (holding that it was plain error to permit an imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action). The Eleventh Circuit Court of Appeals has also held, in an unpublished opinion,

3

that it is error to permit an incarcerated litigant to represent her fellow inmates in a class action. *Wallace v. Smith,* 145 Fed. App'x 300, 302 (11th Cir. 2005).

Further, Plaintiff Keys and his fellow inmates cannot each proceed *in forma pauperis* in a single proceeding; in other words, multi-plaintiff *in forma pauperis* actions are not permitted. See *Hubbard v. Haley,* 262 F.3d 1194, 1198 (11th Cir. 2001) ("Because the plain language of the PLRA requires that each prisoner proceeding IFP pay the full filing fee, we hold that the district court properly dismissed the multi-plaintiff action in this instance.")

The Court thus dismisses this case without prejudice. Because the dismissal is without prejudice, the individual Plaintiffs may each pursue a new case by filing a complaint—not using this case number—and include the filing fee or motion to proceed *in forma pauperis*.

Finally, Plaintiffs' have moved the Court to appoint counsel on their behalf. (Doc. 7.) Although there is no constitutional right to counsel in civil cases, Congress has given district courts discretion under 28 U.S.C. § 1915(e)(1) to request counsel for civil litigants proceeding *in forma pauperis* when exceptional circumstances warrant such appointment. *Bass v. Perrin,* 170 F.3d 1312, 1320 (11th Cir.1999). In deciding whether to grant a request for counsel from an indigent litigant, the Court should answer two threshold questions. First, has the plaintiff made efforts to secure counsel? *See Ulmer v.*

4

*Chancellor*, 691 F.2d 209, 213 (5th Cir.1982). Second, does the plaintiff's case have merit? *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir.1987). Here, Plaintiffs represent that they have made efforts to secure counsel but have been unsuccessful. (Doc. 9). Although they frame their claim as one of deliberate indifference to medical needs, the essence of their claim is a challenge to the relevant policies and procedures of the BOP as racially discriminatory, in violation of the Equal Protection Clause. However, claims against federal actors under *Bivens* are not coextensive with those against state actors under § 1983. The Supreme Court has rarely extended *Bivens*, and this Court recently dismissed a case on the grounds that an Equal Protection claim was not cognizable under *Bivens*. *Bentley v. Natal*, Case No. 5:19-cv-452-Oc-33PRL (M.D. Fla. Feb. 25, 2021) (slip op.). The Court declines to exercise its discretion to appoint counsel.

Accordingly, it is

**ORDERED:**

1. This above-captioned case is **DISMISSED without prejudice**.

2. Plaintiffs' motion to proceed *in forma pauperis* (Doc. 3) is **DENIED**.

3. Plaintiffs' motion to amend the complaint (Doc. 6) is **DENIED** as futile.

4. Plaintiffs' motion to appoint counsel (Doc. 7) is **DENIED**.

5. The Clerk is **DIRECTED** to enter judgment, terminate any deadlines, deny as moot any pending motions, and close the case.

**DONE AND ORDERED** at Fort Myers, Florida on March 15, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: OCAP-2
Copies: All Parties of Record